23-8066 Luis Pena Garcia v. United States Department of Labor. And we understand we have Attorney Soler for the appellant. We're ready when you are. Attorney Emilia Soler for Petitioner. This case concerns the workers' compensation insurance coverage of medically-recommended cannabis under the Law Ensurement Act. In particular, whether the workers' compensation insurance reimbursement claim for medical cannabis shall be preemptively and summarily denied because of cannabis placement under Schedule I of the Controlled Substances Act. The ALG and the BRB decided so. We certainly request this Honorable Court to vacate and reverse, or in the alternative, vacate and remand for consideration, full consideration, of the reimbursement claim under statutory language of Section 7 of the Law Ensurement Act. The Law Ensurement Act is a federal statute, and the application here is federal law. The Controlled Substances Act is a federal statute that says that there are no medical uses that the federal government recognizes for medical marijuana. It's hard to believe that they still adhere to this position, but they do. And that's different from what the states are doing. So why isn't everything, isn't this consistent with the various riders that occur, where the federal government is taking position A, recognizing that the states are taking different positions, and simply saying we're not going to interfere with the enforcement of those different decisions. And we're not going to go in and prohibit medical marijuana use by the states, at least we're not going to go in and fund prosecutions or anything of that sort as a matter of just how the money is spent. Why isn't this all quite consistent? I'm not saying that it's right. It doesn't make sense much to me to have a 1970s law that controlled the current circumstances of medical marijuana use in any way, and I'm sympathetic to your client's position, but I don't see how we could alter it, alter the decision, the prior decision. After the CSA, and for the last five or seven years, Congress has enacted appropriation riders that prohibit or restrain the DOJ from prosecuting. This case doesn't involve any action or inaction by the Department of Justice, correct? No. In the current case we have here.  So I guess I'm not seeing the relevance. Yeah. It's very significant because this Honorable Circuit Court recently decided in Varys night that the Commerce, Dormant Commerce Clause applies to the market of marijuana, but also it stated specifically the only thing Congress, and I quote, the only thing Congress has clearly authorized by criminalizing marijuana is federal prosecution for the manufacture, distribution, or possession of marijuana. When Congress eliminates or restrains that same only authorization in marijuana, it's effectively changing or altering federal policy towards marijuana. Federal policy is not relevant. We don't, we're a court of law. We're not a court of policy. So if you're saying that the policy of the government is to favor some outcome or not, I guess the question is who cares. The question is what does the law requires, and Title 21 has not changed. No, it hasn't changed. Have you said, I mean, you're not suggesting that the Schedule I inclusion of marijuana enacted by Congress has been repealed, right? You're not suggesting that it has been repealed, or are you? Yeah. Are you? I guess that's a yes or no question. Are you telling us the law has been repealed? No, of course not. Okay, good. It hasn't been repealed. Yes, but it's an excellent question. Judge Bowser, in a dissent in the BRB case, points out that those riders updated the law, Congress, federal law. It didn't update Title 21? No, but it certainly. No, no, no, what you mean updating? They're reflective of a different policy. So if you want to say that in the 1970s the government enacted every law it could against marijuana, and nowadays it has some that are against marijuana and some that aren't, then fine. You have a mixed set of policies. But that's not the question before us. The question is, is this, would it be illegal to reimburse it? No. That's different. No, they actually, the insurance company, by the reimbursement, would not be violating any federal criminal law. That's not the question. Title 21, I don't think anyone's saying that they're committing a crime. The question is whether Title 21 has a finding in the statute that says there's no accepted medical use, right? Yeah. And I thought that Section 7 of the Longshoremen's Act says that employers have to furnish medical, surgical, or other treatment as the nature of the injury or the process of recovery may require. And if you have a federal law saying that there is no accepted medical use for marijuana, how can you also say that treatment with marijuana is required, unless you're saying that treatment is required using a substance that by federal law has no acceptable medical use, unless you say we're ignoring another statute, right? The wording of the statutes themselves might be contrary and might be contradictory. But certainly, what's going on right now in the country, it doesn't make any, it'll get rid of that contradiction. Congress might very well repeal this.  Congress might repeal this a year from now, and then your client can presumably, I mean, if Congress says that it's perfectly fine and doctors can prescribe this, it's not on Schedule 1. I mean, if this were fentanyl, we wouldn't be having this discussion, because fentanyl is not on Schedule 1. You can't sell it on the streets, but doctors regularly prescribe it for a known medical use, and he could get fentanyl. But Congress made a choice not to allow that. Doctors may not legally prescribe marijuana. That's why your doctor here recommended it. He couldn't prescribe it, because under Schedule 1 of Title 21, it cannot be prescribed, right? And that's not, forget about criminal law. That's an impact. It's not in Title 18 of the Criminal Code. It's in Title 21, which is regulating drugs. Yes, but the appropriation writer's prohibition has, in effect, enforced or implemented a degree of tolerance in the- All it says is that the Department of Justice can't go after you if you break the law. But it doesn't mean that you're not breaking the law. Everybody who sells marijuana is breaking the law. The writers simply say, we're not going to prosecute you for breaking the law. But it doesn't mean that it's not still the law. Everyone who sells marijuana is breaking federal law. Yes, however, at this point, it is certain, or not certain, but highly possible, that we're approaching a rescheduling of Schedule 1. We're approaching, but we're not there. In terms of the workmen's compensation industry, the allowance of reimbursement of medical cannabis now under the longshoremen will certainly be a guidance for the states to follow. And certainly, you'll start developing standards for pricing, packaging, dosage, prescriptions, and all those, that when the rescheduling kicks in, will be beneficial for the industry to have. It's going to all kick in once rescheduling happens. All right, I think we have your argument. Why don't we hear from counsel for the FLE, Mr. Bush. Thank you. May it please the Court, my name is William Bush. I represent the Director of the Office of Workers' Compensation Programs at the United States Department of Labor. Our position in this case is very straightforward, and I think has already been articulated in Judge Nardini's line of questioning earlier. The Longshore Act, as extended by the Defense Base Act, cannot compel an employer to reimburse its injured employee for a substance that the Controlled Substances Act designates has no accepted medical use in treatment in the United States and cannot be used safely in treatment in the United States. What should we make of Congress's repeated use of the term medical marijuana? Doesn't that reflect some acceptance of use, even if the drug remains on Schedule I? It reflects an acknowledgment by Congress that states have created these programs and have a different position on marijuana's medical value than the federal government does. But in the same, you know, if we're talking about the appropriations riders here, those riders do not in so doing remove marijuana from Schedule I. And so presumably, you know, we know from that that Congress didn't change its mind about whether or not it believes. I agree, but it is telling still that Congress is using the term medical marijuana, not even just marijuana for medical use or other uses, but medical marijuana as a kind of understanding that this is how it is being used in many, many states. I think that in using that language, Congress is merely using a linguistic convenience to avoid the convoluted. They don't want to have a clash between the states and the federal. And they've decided we're not going to prosecute. We're not going to allow expenditure of funds to prosecute those cases. That where the states are applying using using allowing medical marijuana to be prescribed. Yes, Your Honor, that those riders allow. In a sense, it's a federalist federalism question. It's an acceptance by the federal government that they don't want to interfere with what the states are doing, even though they haven't. The federal government has not changed its position. They recognize that what the states are doing is not unreasonable and they'll let that go forward. Well, it reflects perhaps a change or an expression of Congress's prosecutorial intent or it's the way it wants the Department of Justice to deploy its resources. And I agree that it obviously reflects a determination that states should be allowed to implement these programs without the interference of the Justice Department. But it doesn't reflect a change in how federal workers' compensation laws should be applied. You know, there are a number of, you know, as we pointed out, and I think to put a little bit finer point on it, the Longshore Act Section 7 requires that employers furnish necessary, and there's a list of things. Treatment is one of them. Medicine is another one of them. And what the schedules, Schedule I in particular, does in the Controlled Substances Act is set out a particular, very specific category of substances that do not and cannot constitute medicine for federal purposes. So to read those statutes in harmony with each other, we ask that the Court deny the petition for review and affirm the orders below. Okay. Thank you very much to both counsel for coming in today. We will take this case under advisement.